**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Delaware

Case number (*If known*): _____ Chapter 11

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

1. **Debtor's name**

   Alpha Latam Management, LLC

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

   N/A

3. **Debtor's federal Employer Identification Number** (EIN)

   37-1964610

4. **Debtor's address**

   | Principal place of business | Mailing address, if different from principal place of business |
   |---|---|
   | 1209 N Orange Street | 78  SW 7th Street |
   | Number    Street | Number    Street |
   | | P.O. Box |
   | Wilmington    DE    19801 | Miami    FL    33130 |
   | City    State    ZIP Code | City    State    ZIP Code |
   | | **Location of principal assets, if different from principal place of business** |
   | USA | |
   | Country | Number    Street |
   | | |
   | | City    State    ZIP Code |

5. **Debtor's website** (URL)

   N/A

| Debtor | Alpha Latam Management, LLC | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

---

**6.  Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

---

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes .

N/A
_____

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check **all** that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

Debtor     Alpha Latam Management, LLC _____     Case number (if known) _____
           Name

9.  **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

    If more than 2 cases, attach a separate list.

    ☒ No

    ☐ Yes.  District _____   When _____   Case number _____
                                                MM / DD / YYYY

                     District _____   When _____   Case number _____
                                                MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No

    ☒ Yes.  Debtor    See Schedule A _____   Relationship _____

                     District    Delaware _____   When _____
                                                                          MM   /   DD   /  YYYY

                     Case number, if known _____

11. **Why is the case filed in *this district*?**

    *Check all that apply:*

    ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☒ No

    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?**  (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                              Number          Street

                              _____

                              _____   _____
                              City                              State ZIP Code

    **Is the property insured?**

    ☐ No

    ☐ Yes. Insurance agency _____

           Contact name _____

           Phone _____

**Statistical and administrative information**

Debtor    Alpha Latam Management, LLC
_____    Case number (if known)_____
          Name

---

**13. Debtor's estimation of available funds**

*Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors***

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ■ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15. Estimated assets***

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ■ $100,000,001-$500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities***

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ■ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

*Represents consolidated financial information for the Debtor and its affiliated entities set forth on "Schedule A". This does not constitute a statement or admission as to the creditors, assets, or liabilities of any of the debtor entities individually.

---

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    08 / 01 / 2021
               MM  / DD / YYYY

✗ _____    Augusto Álvarez de Iturbe
  Signature of authorized representative of debtor    Printed name

Title    Member
      _____

---

| Debtor | Alpha Latam Management, LLC | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

**18. Signature of attorney**

✗ /s/ Mark D. Collins

Signature of attorney for debtor

Date    08/ 01 / 2021

MM   / DD / YYYY

Mark D. Collins

Printed name

Richards, Layton & Finger, P.A.

Firm name

920          North King Street (One Rodney Square)

Number      Street

Wilmington                                    DE          19801

City                                               State        ZIP Code

(302) 651-7700                              collins@rlf.com

Contact phone                              Email address

2981                                          DE

Bar number                                   State

# Schedule A

## SCHEDULE OF DEBTORS

On the date hereof, each of the affiliated entities listed below (the "**Chapter 11 Debtor**") (including the debtor in this chapter 11 case) filed in this Court a petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, as amended. Substantially contemporaneously with the filing of these petitions, the Chapter 11 Debtors filed a motion requesting that their respective chapter 11 cases be jointly administered for procedural purposes only.

| | CHAPTER 11 DEBTOR | JURISDICTION |
|---|---|---|
| 1. | Acsa Atento S.A.S. | Colombia |
| 2. | Alpha Capital S.A.S. | Colombia |
| 3. | Alpha Latam Management, LLC | Delaware |
| 4. | AlphaCredit Latam S.A.S. | Colombia |
| 5. | AlphaCredit Sudamérica, S. de R.L. | Panama |
| 6. | AlphaDebit, S.A. de C.V. | Mexico |
| 7. | Vive Créditos Kusida S.A.S. | Colombia |

RESOLUTIONS ADOPTED AT A MEETING OF
THE BOARD OF MANAGERS OF
ALPHA LATAM MANAGEMENT, LLC

August 1, 2021

On August 1, 2021 at 3:00 pm Eastern Standard Time, all of the members of the board of managers (the "Board") of Alpha Latam Management, LLC, a Delaware limited liability company (the "Company"), acting on behalf of the Company in its own capacity, and in the Company's capacity as the general partner of AlphaCredit Tech Partners, L.P., an Ontario limited partnership ("Alpha Aggregator" and, together with its subsidiaries and the Company, the "AlphaCredit Companies"), which in turn owns substantially all of the shares of Alpha Holding, S.A. de C.V. ("Alpha Holding"), met via videoconference (the "Meeting").

## ADOPTION OF RESOLUTIONS

At the Meeting, pursuant to Section 19-404(d) of the Delaware Limited Liability Company Act (the "Act") and the Company's Amended and Restated Limited Liability Company Agreement of the Company, dated as of April 9, 2020 (as amended and in effect from time to time, the "General Partner Operating Agreement") the Board unanimously adopted the following resolutions. Capitalized terms used herein and not otherwise defined shall have the meaning set forth in the General Partner Operating Agreement.

## I.    RESOLUTIONS AUTHORIZING COMMENCEMENT OF CHAPTER 11 CASES

**WHEREAS**, Alpha Holding, a subsidiary of Alpha Aggregator, together with Alpha Holding's subsidiaries (collectively, the "Operating Company Group") announced on April 20, 2021 that it would restate its financial statements for the years ended December 31, 2018 and 2019 (the "Prior Period Financial Statements") to correct an error in Alpha Holding's accounting for its derivative positions (the "Restatement");

**WHEREAS,** the Operating Company Group identified additional accounting errors that it anticipates would result in a restatement of other assets and other accounts receivable in its financial statements for previous years, including the Prior Period Financial Statements, or a current write-down of other assets and other accounts receivable (the "Potential Additional Restatements");

**WHEREAS**, the Board established a special committee comprised of non-management members of the Board (the "Special Committee") to (a) investigate and evaluate issues concerning the accounting practices of the AlphaCredit Companies and related matters, including, without limitation, the liquidity, debt capacity, capital structure, debt obligations and operations of the AlphaCredit Companies (collectively, the "Potential Matters"), and (b) prepare such reports, arrive at such decisions and take such action or actions as the Special Committee deems appropriate and in the best interest of the Company and advisable to the AlphaCredit Companies with respect to the Potential Matters;

**WHEREAS**, on June 10, 2021, the Board, based on the advice of financial and legal advisors to the Company, determined it was in the best interest of the AlphaCredit Companies to cease making payments of principal and interest due under the Operating Company Group's funded unsecured debt facilities;

**WHEREAS**, certain of the Operating Company Group's creditors have provided notices of default and events of default arising from the Restatement and the Operating Company Group's non-payment of certain unsecured debt obligations;

1

**WHEREAS**, based on guidance from the Board, and with the advice of counsel, the Operating Company Group has been actively negotiating with their creditors as to a consensual amendment, forbearance, or waiver in respect of the defaults and events of default; to date, however, such discussions have not resulted in an agreement;

**WHEREAS**, the Board has received extensive presentations and other materials and has had the opportunity to consult with the Company's and the Operating Company Group's management team as well as the financial and legal advisors to the Company and the Operating Company Group with respect to the issues described above and the Company and the Operating Company Group's current and forecasted liquidity position;

**WHEREAS**, the Board has reviewed and had the opportunity to ask questions about the materials presented by management of the Operating Company Group and the legal and financial advisors of the Company regarding the liabilities and liquidity of the Company and the Operating Company Group, strategic alternatives available to them, and the impact of the foregoing on their business;

**WHEREAS**, the Board has been presented with a proposed voluntary petition to be filed by the Company and each entity listed on Schedule A (the "<u>Debtors</u>") in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>"), seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), pursuant to which the Company and each Debtor would continue to operate as a debtor in possession;

**WHEREAS**, based on its review of strategic alternatives available to it and the Operating Company Group and advice provided by the legal and financial advisors of the Company, the Board (acting on behalf of the Company in its own capacity, and on behalf of the Company in its capacity as the general partner of Alpha Aggregator, and causing Alpha Aggregator to act in its capacity as the majority shareholder of Alpha Holding) deems it desirable and in the best interests of the Company, Alpha Aggregator, and each Debtor, and each of their respective stakeholders, that the following resolutions be approved and adopted;

*Chapter 11 Cases*

**NOW, THEREFORE BE IT RESOLVED**, that the Board (acting on behalf of the Company in its own capacity, and on behalf of the Company in its capacity as the general partner of Alpha Aggregator, and causing Alpha Aggregator to act in its capacity as the majority shareholder of Alpha Holding) hereby authorizes, approves and consents to the filing by the Company of a voluntary petition, and directs Alpha Aggregator to cause Alpha Holding, and Alpha Holding to in turn cause each other Debtor to file, voluntary petitions (the "<u>Petitions</u>") for relief under Chapter 11 of the Bankruptcy Code (such voluntary petition, and the voluntary petitions to be filed by the Company and each Debtor, collectively, the "<u>Chapter 11 Cases</u>") with the Bankruptcy Court;

**RESOLVED**, that the Board (acting on behalf of the Company in its own capacity, and on behalf of the Company in its capacity as the general partner of Alpha Aggregator, and causing Alpha Aggregator to act in its capacity as the majority shareholder of Alpha Holding) hereby authorizes and directs Augusto Álvarez de Iturbe and José Luis Orozco Soberón (each, an "<u>Authorized Person</u>"), in the name and on behalf of the Company and each Debtor, to execute and verify the Petitions in the name of the Company and each Debtor and to cause the same to be filed in the Bankruptcy Court in such form and at such time as each Authorized Person shall determine in a manner consistent with any instructions from the Board;

**RESOLVED**, that the Board (acting on behalf of the Company in its own capacity, and on behalf of the Company in its capacity as the general partner of Alpha Aggregator, and causing Alpha Aggregator to act in its capacity as the majority shareholder of Alpha Holding) hereby authorizes and directs each Authorized Person in such capacity, acting alone or together, with power of delegation, in the name of and on behalf of the Company, and each other person authorized by the boards or members of each Debtor to

take actions in respect of the Chapter 11 Cases of such entity (each an "OpCo Authorized Person"), in the name of and on behalf of the applicable Debtor, be and hereby is, authorized and empowered to execute and file on behalf of the Company and each Debtor, as applicable, all petitions, schedules, lists, applications, pleadings and other motions, papers, agreements, consents or documents, and to take any and all action that they deem necessary or proper (in a manner consistent with any instructions from the Board) to obtain such relief, including, without limitation, any action necessary to implement the Chapter 11 Cases and maintain the ordinary course of operation of the Company's business or the business of any entity in the Operating Company Group, including to obtain debtor-in-possession financing as further set forth herein;

*Retention of Professionals*

**RESOLVED**, that the Board (acting on behalf of the Company in its own capacity, and on behalf of the Company in its capacity as the general partner of Alpha Aggregator, and causing Alpha Aggregator to act in its capacity as the majority shareholder of Alpha Holding) hereby authorizes and directs the Company, each Debtor and each Authorized Person and OpCo Authorized Persons, on behalf of and in the name of the Company and each Debtor, as applicable, to retain and employ professionals, subject to approval by the Bankruptcy Court, to render services to the Company and the Debtors in connection with the Chapter 11 Cases, and that such professionals shall include, without limitation: (i) White & Case LLP to act as legal counsel, (ii) Rothschild & Co. to act as investment banker, (iii) AlixPartners LLP to act as financial advisor, (iv) Richards, Layton & Finger, P.A. to act as Delaware legal counsel, and (v) Prime Clerk LLC to act as claims and noticing agent (collectively, the "Restructuring Advisors"); and in connection herewith, each Authorized Person and OpCo Authorized Persons is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of the foregoing; and

**RESOLVED**, that the Board (acting on behalf of the Company in its own capacity, and on behalf of the Company in its capacity as the general partner of Alpha Aggregator, and causing Alpha Aggregator to act in its capacity as the majority shareholder of Alpha Holding) hereby authorizes and directs each Authorized Person and each OpCo Authorized Person be, and each hereby is, authorized and empowered and directed, in the name and on behalf of the Company, Alpha Holding, and each Debtor, as applicable, to incur and pay or cause to be paid all such fees and expenses as in their judgment shall be necessary, appropriate, or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions.

## II.    RESOLUTIONS AUTHORIZING DEBTOR-IN-POSSESSION FINANCING

**WHEREAS**, the Board, upon the advice of the Company's legal and financial advisors, has determined that, due to the Company's and the Operating Company Group's current liquidity situation, the Company and the Operating Company Group require additional liquidity to support their operations and maximize the value of their assets for the benefit of all stakeholders;

**WHEREAS**, the Board has been presented with a proposal for debtor-in-possession financing in the form of senior secured notes in the principal amount of $45 million ("DIP Financing") to be secured by senior liens on substantially all of the Debtors' assets and such DIP Financing contemplates entry into an intercompany facility (the "Secured Intercompany Facility") between the Debtors and certain of the other Operating Company Group entities that is secured by liens granted by other non-Debtor Operating Company Group entities; and

**WHEREAS,** based on its review and evaluation of the various financing alternatives available and the advice provided by the legal and financial advisors of the Company, the Board (acting on behalf of the Company in its own capacity, and on behalf of the Company in its capacity as the general partner of Alpha Aggregator, and causing Alpha Aggregator to act in its capacity as the majority shareholder of Alpha Holding) deems it advisable and in the best interests of the Company, the Operating Company Group, and

their stakeholders that the Debtors enter into the DIP Financing and that the Debtors and each entity in the Operating Company Group take all actions necessary in connection with the DIP Financing.

**NOW, THEREFORE BE IT RESOLVED**, that in connection with the commencement of the Chapter 11 Cases, the Board (acting on behalf of the Company in its own capacity, and on behalf of the Company in its capacity as the general partner of Alpha Aggregator, and causing Alpha Aggregator to act in its capacity as the majority shareholder of Alpha Holding) hereby authorizes and directs each of the Authorized Persons and the OpCo Authorized Persons, and each such person hereby is authorized and instructed to take all actions in the name of and on behalf of the Company and of each entity in the Operating Company Group, as applicable, necessary or appropriate for the Company and/or the Debtors to obtain DIP Financing, and in connection therewith, (a) negotiate, execute and deliver, as well as amend, supplement or otherwise modify from time to time, a debtors-in-possession credit agreement or other form of credit support or enhancement, including loan agreements, guarantees, security agreements, notes, and all related documents, certificates, agreements or instruments (collectively, the "Credit Documents"), in each case on substantially the terms and conditions presented to the Board, (b) consummate the transactions contemplated by the Credit Documents, including the Secured Intercompany Facility, and/or file in the Bankruptcy Court such pleadings as may be necessary to make such Credit Documents binding and effective in respect thereof, and (c) perform its obligations in connection therewith and take any other actions, and negotiate and pay all fees, taxes and other expenses in connection with the foregoing; in each instance, in such amounts and on the terms and conditions as such Authorized Person (or Authorized Persons) and OpCo Authorized Person (or OpCo Authorized Persons) executing the same may consider necessary, proper or desirable, including the granting of liens, security interests, and superpriority administrative claims (including in connection with the Secured Intercompany Facility) and the guaranteeing of affiliate obligations, such determination to be conclusively evidenced by the taking of such action or by such execution;

## III.   OMNIBUS RESOLUTIONS

**RESOLVED**, that the Board (acting on behalf of the Company in its own capacity, and on behalf of the Company in its capacity as the general partner of Alpha Aggregator, and causing Alpha Aggregator to act in its capacity as the majority shareholder of Alpha Holding) hereby authorizes and directs each of the Authorized Persons and the OpCo Authorized Persons, in the name of and on behalf of the Company and of each entity in the Operating Company Group, as applicable, are authorized and instructed, as applicable, to execute, deliver, attest to, seal, file, and perform the obligations, or cause to be executed, delivered, performed, verified, and/or filed (or direct others to do so on their behalf) under any of the foregoing agreements and documents, including the Credit Documents, and to take any such actions, as the Authorized Person or OpCo Authorized Person so acting deems necessary or desirable in connection with the foregoing resolutions;

**RESOLVED**, all acts lawfully done or actions lawfully taken by any Authorized Person and any OpCo Authorized Person in accordance with the foregoing resolutions to seek relief on behalf of the Company and the Debtors, as applicable, under chapter 11 of the Bankruptcy Code, or in connection with the Chapter 11 Cases, the Credit Documents, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company by the Board (acting on behalf of the Company in its own capacity, and on behalf of the Company in its capacity as the general partner of Alpha Aggregator, and causing Alpha Aggregator to act in its capacity as the majority shareholder of Alpha Holding);

**RESOLVED,** that the Board (acting on behalf of the Company in its own capacity, and on behalf of the Company in its capacity as the general partner of Alpha Aggregator, and causing Alpha Aggregator to act in its capacity as the majority shareholder of Alpha Holding) hereby authorizes and directs each of the Authorized Persons (and their designees and delegates) and the OpCo Authorized Persons be, and each hereby is, authorized and directed to take all actions or not to take any action in the name of the Company

4

and each entity in the Operating Company Group, as applicable, with respect to the transactions contemplated by these resolutions in their capacity as the majority shareholder, partner, member, board of managers, manager (or similar role), attorney-in-fact, or legal representative of any of the foregoing of each subsidiary of the Company, in each case, as such Authorized Person (or Authorized Persons), or OpCo Authorized Person (or OpCo Authorized Persons), as applicable, shall deem necessary proper, appropriate, desirable, or advisable to effectuate the purposes of the actions contemplated herein, including executing board resolutions, written consents, or meeting minutes which authorize and cause each Debtor to file Petitions and initiate the Chapter 11 Cases; for the avoidance of doubt, the OpCo Authorized Persons are hereby authorized to (i) execute the relevant shareholders' meeting minutes of Alpha Holding and any of its applicable subsidiaries and (ii) delegate the authorities granted to such OpCo Authorized Person herein, through the execution of proxy letters or other similar instruments, to members of the Operating Company Group's legal team, and such members of the Operating Company Group's legal team shall also be authorized to execute the shareholders' meeting minutes of Alpha Holding and its applicable subsidiaries;

**RESOLVED**, that the omission from these resolutions of any agreement, document of other arrangement contemplated by any of the agreements, documents, or instruments described in the foregoing resolutions, or of any action to be taken in accordance with any requirement of any of the agreements, documents, or instruments described in the foregoing resolutions, shall in no manner derogate from the authority of the Holdco Authorized Persons, Authorized Persons and OpCo Authorized Persons to take all actions necessary, desirable, advisable, or appropriate to consummate, effectuate, carry out, or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions; and

**RESOLVED**, that these resolutions be filed with the records of meetings of the Board and the records of Alpha Aggregator, Alpha Holding and each other entity in the Operating Company Group.

*[Remainder of page intentionally left blank; certification page follows]*

The undersigned, being all the members of the Board, certify that the foregoing resolutions were duly adopted at the Meeting.

By: _____
Name: José Luis Orozco Soberón
Member of the Board

By: _____
Name: James Leo Southern III
Member of the Board

By: _____
Name: Augusto Alvarez de Iturbe
Member of the Board

By: _____
Name: Patricia María Menendez Cambo
Member of the Board

By: _____
Name: Christopher Scott Cooper
Member of the Board

By: _____
Name: Rafael Antonio Somoza Lopez
Member of the Board

By: _____
Name: Alan Cohen
Member of the Board

**Schedule A**
**(Debtor Subsidiaries)**

| | **DEBTOR** | **JURISDICTION** |
|---|---|---|
| 1. | Acsa Atento S.A.S. | Colombia |
| 2. | Alpha Capital S.A.S. | Colombia |
| 3. | AlphaCredit Latam, S.A.S. | Colombia |
| 4. | AlphaCredit Sudamérica, S. de R.L. | Panama |
| 5. | AlphaDebit, S.A. de C.V. | Mexico |
| 6. | Vive Créditos Kusida S.A.S. | Colombia |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Alpha Latam Management, LLC, *et al.*,[1] | Case No. 21-[____] ( ) |
| Debtors. | (Joint Administration Requested) |

**CONSOLIDATED LIST OF CREDITORS HOLDING THE
THIRTY LARGEST UNSECURED CLAIMS**

    The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") filed voluntary petitions in this Court on the date hereof (the "**Petition Date**") for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). Contemporaneously with the filing of their petitions, the Debtors filed a motion requesting, among other things, authority to file a consolidated list of creditors holding the thirty largest unsecured claims (the "**Top 30 Unsecured Claims List**").

    The Top 30 Unsecured Claims List is based on the Debtors' books and records as of the Petition Date and was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' chapter 11 cases. All amounts included in the Top 30 Unsecured Claims List are presented in U.S. Dollars, with Colombian Peso-denominated debt converted at the applicable foreign exchange rates as of the Petition Date, and in some cases are the Debtors' best approximation based on available information. The Top 30 Unsecured Claims List does not include: (1) claims held by persons who come within the definition of "insider" set forth in section 101 of the Bankruptcy Code, which includes affiliates; (2) claims held by secured creditors (whether secured by assets of the Debtors or otherwise), unless the unsecured claim resulting from inadequate collateral value is known and places the creditor among the holders of the 30 largest unsecured claims; (3) claims held by the Debtors' employees; or (4) claims entitled to priority under section 507 of the Bankruptcy Code.

    The information contained in the Top 30 Unsecured Claims List shall not constitute an admission of liability by, nor shall it be binding upon, the Debtors, and nothing therein shall affect the Debtors' rights to challenge the amount, priority, or characterization of any claim at a later date. Moreover, the failure to list a claim as contingent, unliquidated, disputed, or subject to setoff does not constitute a waiver of any of the Debtors' right to contest the validity, priority, or amount of any claim.

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's tax identification number in their applicable jurisdiction of incorporation, are as follows: Alpha Latam Management, LLC (4610); Acsa Atento S.A.S. (766-6); Alpha Capital S.A.S. (717-5); AlphaCredit Latam S.A.S. (326-5); AlphaCredit Sudamérica, S. de R.L. (72 87); AlphaDebit, S.A. de C.V. (3FI4); and Vive Créditos Kusida S.A.S. (013-4). Alpha Latam Management, LLC's registered address is 1209 N Orange Street, Wilmington, DE 19801. The main address of the other Debtors is Carrera 14 No. 94 – 81, Bogotá, Colombia.

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name: | Alpha Latam Management, LLC, *et al.* |
| United States Bankruptcy Court for the District of  Delaware | |
| Case number (If known): | |

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors (whether secured by assets of the Debtors or otherwise), unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | NOTES DUE 2025 BANK OF NEW YORK MELLON, AS TRUSTEE ATTN: INTERNATIONAL TRUST 240 GREENWICH STREET FLOOR 7E NEW YORK NY 10286 | NOTES DUE 2025 BANK OF NEW YORK MELLON, AS TRUSTEE ATTN: INTERNATIONAL TRUST christopher.olsen1@bnymellon.com | UNSECURED NOTES | | | | $400,000,000 |
| 2 | NOTES DUE 2022 BANK OF NEW YORK MELLON, AS TRUSTEE ATTN: INTERNATIONAL TRUST 101 BARCLAY STREET FLOOR 7E NEW YORK NY 10286 | NOTES DUE 2022 BANK OF NEW YORK MELLON, AS TRUSTEE ATTN: INTERNATIONAL TRUST christopher.olsen1@bnymellon.com | UNSECURED NOTES | | | | $300,000,000 |
| 3 | INTER-AMERICAN INVESTMENT CORPORATION ATTN: PORTFOLIO MANAGEMENT DIVISION 1350 NEW YORK AVE. NW WASHINGTON DC 20577 | INTER-AMERICAN INVESTMENT CORPORATION ATTN: PORTFOLIO MANAGEMENT DIVISION | UNSECURED LOAN | | | | $23,035,740 |
| 4 | RESPONSABILITY AMERICA LATINA SAC PAUL CESPEDES CALLE RECVARREN 111 OFICINA 202 LIMA  15074 PERU | RESPONSABILITY AMERICA LATINA SAC PAUL CESPEDES paul.cespedes@responsability.com | UNSECURED NOTES | | | | $16,900,000 |
| 5 | PEOPLE PASS S.A. TRANSVERSAL 55 B 115A 56 BOGOTA COLOMBIA | PEOPLE PASS S.A. servicioalcliente@peoplepass.com.co | TRADE DEBT | | | | $132,000 |
| 6 | COOPERATIVA MULTIACTIVA COPROYECCION CARRERA 7 2752 OF 605 BOGOTA COLOMBIA | COOPERATIVA MULTIACTIVA COPROYECCION carmen.blanco@coproyeccion.com.co | TRADE DEBT | | | | $22,000 |
| 7 | JJ COBRANZAS Y ABOGADOS SAS CARRERA 5 15 11 BOGOTA COLOMBIA | JJ COBRANZAS Y ABOGADOS SAS jjcobranzasyabogados@gmail.com | TRADE DEBT | | | | $16,000 |
| 8 | NEGOCIOS Y XOLUCIONES CREDITICIAS S.A.S. CARRERA 7 27 52 BOGOTA COLOMBIA | NEGOCIOS Y XOLUCIONES CREDITICIAS S.A.S. gerenciatalousgroup@gmail.com | TRADE DEBT | | | | $14,000 |
| 9 | CIFIN SAS CALLE 100 7A 81 P8 BOGOTA COLOMBIA | CIFIN SAS | TRADE DEBT | | | | $10,000 |
| 10 | ADO TECHNOLOGIES COLOMBIA SAS CARRERA 14 93B 45 BOGOTA COLOMBIA | ADO TECHNOLOGIES COLOMBIA SAS julian@ado-tech.com | TRADE DEBT | | | | $9,000 |
| 11 | IKUSI REDES COLOMBIA SAS CALLE 116 7 15 BOGOTA COLOMBIA | IKUSI REDES COLOMBIA SAS marisol.barajas@ikusi.com | TRADE DEBT | | | | $8,000 |

Debtor Name   Alpha Latam Management, LLC, *et al.*    Case Number (if known)

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 12 | COMCEL SA CARRERA 68 A 24 B 10 BOGOTA COLOMBIA | COMCEL SA eduard.santana@claro.com.co | TRADE DEBT | | | | $7,000 |
| 13 | EXPERIAN COLOMBIA SA CARRERA 7 76 35 P10 BOGOTA COLOMBIA | EXPERIAN COLOMBIA SA contactodatacredito@datacredito.com | TRADE DEBT | | | | $5,000 |
| 14 | ALL BRANDING S.A.S CARRERA 62 4D 56 BOGOTA COLOMBIA | ALL BRANDING S.A.S comercial@allbrandingco.com | TRADE DEBT | | | | $5,000 |
| 15 | EULEN COLOMBIA S.A. CARRERA 14 10607 BOGOTA COLOMBIA | EULEN COLOMBIA S.A. acastillob@eulen.com | TRADE DEBT | | | | $5,000 |
| 16 | GESTION EMPRESARIAL Y REPRESENTACIONES JURIDICAS SAS CALLE 33 A 80B 5 MEDELLIN COLOMBIA | GESTION EMPRESARIAL Y REPRESENTACIONES JURIDICAS SAS administrativo@grupogersas.com.co | TRADE DEBT | | | | $5,000 |
| 17 | INTEGRAL DE MANTENIMIENTO ASEO Y CONSTRUCCION SAS CALLE 2B 41 77 PISO 3 BOGOTA COLOMBIA | INTEGRAL DE MANTENIMIENTO ASEO Y CONSTRUCCION SAS gerencia@intmac.com.co | TRADE DEBT | | | | $5,000 |
| 18 | PROCESOS  CANJE S.A. AVENIDA CALLE 26 96 J 66 PISO 8 BOGOTA COLOMBIA | PROCESOS  CANJE S.A. impuestos@brinks.com.co | TRADE DEBT | | | | $5,000 |
| 19 | SERVIENTREGA S.A AVENIDA CALLE 6 34A 11 BOGOTA COLOMBIA | SERVIENTREGA S.A andrea.rozo@servientrega.com | TRADE DEBT | | | | $5,000 |
| 20 | TRUORA S.A.S. CALLE 17 10 11 BOGOTA COLOMBIA | TRUORA S.A.S. msanta@truora.com | TRADE DEBT | | | | $4,000 |
| 21 | COLUMBUS NETWORKS DE COLOMBIA LTDA CALLE 108 45 30 TORRE 3 OFICINA 901 BOGOTA COLOMBIA | COLUMBUS NETWORKS DE COLOMBIA LTDA wramirez@columbus.co | TRADE DEBT | | | | $4,000 |
| 22 | DIBANKA SAS CALLE 26 # 92 – 32 EDIFICIO WEWORK BOGOTA  110111 COLOMBIA | DIBANKA SAS | TRADE DEBT | | | | $4,000 |
| 23 | ASERFINC Y CIA LTDA CALLE 54 10 81 BOGOTA COLOMBIA | ASERFINC Y CIA LTDA administracion@aserfinc.com | TRADE DEBT | | | | $3,000 |
| 24 | HONOR SERVICIOS DE SEGURIDAD LTDA AVENIDA CALLE 80 55A 13 BOGOTA COLOMBIA | HONOR SERVICIOS DE SEGURIDAD LTDA ccortes@honorlaurel.com.co | TRADE DEBT | | | | $3,000 |
| 25 | SEGUROS GENERALES SURAMERICANA S.A. EDIFICIO SURAMERICANA CARRERA 64 B 49 A 30 MEDELLÍN ANTIOQUIA COLOMBIA | SEGUROS GENERALES SURAMERICANA S.A. | TRADE DEBT | | | | $3,000 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, disputed | Amount of unsecured claim <br> If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 26 | COLOMBIANA DE SOFTWARE Y HARDWARE VEREDA VUELTA GRANDE PREDIO SAN RAFAEL ZONA FRANCA METROPOLITANA BOD 55,56 COTA CUNDINAMARCA COTA BOGOTA CUNDINAMARCA 00000 COLOMBIA | COLOMBIANA DE SOFTWARE Y HARDWARE | TRADE DEBT | | | | $2,000 |
| 27 | CONCEPTO GRAFICO PUBLICITARIO S.A.S. CALLE 71 69 I 13 BARRIO LA ESTRADA BOGOTA COLOMBIA | CONCEPTO GRAFICO PUBLICITARIO S.A.S. conceptograficopublicitario@hotmail.com | TRADE DEBT | | | | $2,000 |
| 28 | COOPERATIVA DE TRABAJO ASOCIADO DE DOMICILIARIOS Y MENSAJEROS DOMENCOOP CALLE 74 27 15 BOGOTA COLOMBIA | COOPERATIVA DE TRABAJO ASOCIADO DE DOMICILIARIOS Y MENSAJEROS DOMENCOOP domencoop@hotmail.com | TRADE DEBT | | | | $2,000 |
| 29 | PAYRECOVERY SAS CALLE 25A 31A 27 BOGOTA COLOMBIA | PAYRECOVERY SAS info@payrecovery.com.co | TRADE DEBT | | | | $2,000 |
| 30 | UNE EPM TELECOMUNICACIONES SA CARRERA 16 11 A SUR 100 MEDELLIN COLOMBIA | UNE EPM TELECOMUNICACIONES SA juan.chacon@asesor.tigo.com.co | TRADE DEBT | | | | $2,000 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Alpha Latam Management, LLC, *et al.*,[1] | Case No. 21-[____] ( ) |
| Debtors. | (Joint Administration Requested) |

## CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
## PURSUANT TO FED. R. BANKR. P. 1007(a)(1) AND 7007.1

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure,

attached hereto as **Exhibit I** is an organizational chart reflecting the corporate structure of Alpha

Latam Management, LLC ("**Alpha Management**") and its affiliated debtors (the "**Affiliated**

**Debtors**," and together with Alpha Management, the "**Debtors**"), who are each debtors and

debtors in possession in the above-captioned cases.  Alpha Management, on behalf of itself and

the Affiliated Debtors, hereby states as follows:

1.      The following entities own ten percent (10%) or more of the equity interests of

Alpha Management:

| Name | Address | Shares (Percent) |
|---|---|---|
| Augusto Álvarez de Iturbe | Calle Antonio Dovalí Jaime número 70, Torre C, Piso 7, Colonia Zedec Santa Fe, Código Postal 01210, Alcaldía Álvaro Obregón, Ciudad de México, Mexico | 50% |
| José Luis Orozco Soberón | Calle Antonio Dovalí Jaime número 70, Torre C, Piso 7, Colonia Zedec Santa Fe, Código Postal 01210, Alcaldía Álvaro Obregón, Ciudad de México, Mexico | 50% |

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's tax identification number in their applicable jurisdiction of incorporation, are as follows: Alpha Latam Management, LLC (4610); Acsa Atento S.A.S. (766-6); Alpha Capital S.A.S. (717-5); AlphaCredit Latam S.A.S. (326-5); AlphaCredit Sudamérica, S. de R.L. (72 87); AlphaDebit, S.A. de C.V. (3FI4); and Vive Créditos Kusida S.A.S. (013-4).  Alpha Latam Management, LLC's registered address is 1209 N Orange Street, Wilmington, DE 19801.  The main address of the other Debtors is Carrera 14 No. 94 – 81, Bogotá, Colombia.

2.      Alpha Management is the General Partner of the following entities and owns one GP unit in each of the following entities (which 1 unit constitutes 100% of the GP units of each entity):

      a.   Alpha Latam, L.P.;

      b.   AlphaCredit Tech Partners, L.P.; and

      c.   Clarum Capital, L.P.

3.      The following entities own ten percent (10%) or more of the equity interests of Alpha Latam, L.P.:

| Name | Address | Shares (Percent of Class) | Class |
|---|---|---|---|
| CXGL Holdings, L.P. | 199 Bay Street, Suite 4000, Toronto, Ontario M5L 1A9, Canada | 2,154,024 (45.55%) | Series A |
| COH Alpha Equity Partners, S.A. de C.V. | Mariano Escobedo 550-5, Col. Anzures, 11590 Ciudad de México, México Av. Presidente Masaryk 17-101, Chapultepec Morales, 11560 Ciudad de México, México | 484,281 (10.24%) | Series A |
| José Maria Ostos Cortina | Lafontaine 224 – 2, Col. Polanco, C.P., 11550 Ciudad de México, México | 532,505 (11.26%) | Series A |
| Francisco Islas Cervera | Av. Bernardo Quintana 80, Torre A, Depto 301-B, Col. La Loma Santa Fe,  01219 Ciudad de México, México | 838,921 (17.74%) | Series A |
| SBLA HOLDCO I LLC (f/k/a SVF II – LA HoldCo L.P.) | 600 Brickell Avenue, Suite 2650, Miami, FL 33131 | 18,080,112 (75.92%) | Series B |
| Augusto Álvarez de Iturbe | Calle Antonio Dovalí Jaime número 70, Torre C, Piso 7, Colonia Zedec Santa Fe, Código Postal 01210, Alcaldía Álvaro Obregón, Ciudad de México, Mexico | 6,379,783 (50%) | Common |

| Name | Address | Shares (Percent of Class) | Class |
|---|---|---|---|
| José Luis Orozco Soberón | Calle Antonio Dovalí Jaime número 70, Torre C, Piso 7, Colonia Zedec Santa Fe, Código Postal 01210, Alcaldía Álvaro Obregón, Ciudad de México, Mexico | 6,379,783 (50%) | Common |

4.     Alpha Latam, L.P. owns 100% of Alpha Tech Partners, LLC's Series A Preferred Units, Series B Preferred Units, and Common Units.

5.     Alpha Tech Partners, LLC owns (i) 100% of AlphaCredit Tech Partners, L.P.'s common units, (ii) 15% of AlphaCredit Tech Partners, L.P.'s Series A Preferred Units, and (iii) 100% of AlphaCredit Tech Partners, L.P.'s Series B Preferred Units.  The other 85% of AlphaCredit Tech Partners, L.P.'s Series A Preferred Units are owned by Clarum Capital, L.P.

6.     The following entities own ten percent (10%) or more of Clarum Capital, L.P.'s Series A Preferred Units:

| Name | Address | Shares (Percent of Class) | Class |
|---|---|---|---|
| Pacific Lake Partners Fund Three, L.P. | Abbot and Company 10 Muzzey St., Lexington, MA 02421 | 4,070,278 (15.26%) | Series A |
| TTCER Partners, LLC | c/o Charlotte MacDonald 800 Boylston Street, Suite 2220, Boston, MA 02199 | 3,675,338 (13.78%) | Series A |
| CRA Fund II LLC | c/o Daniel Carbonneau Castle Rock Advisors LLC 200 Clarendon Street, 35th Floor, Boston, MA 02116 | 3,163,322 (11.86%) | Series A |

7.     AlphaCredit Tech Partners, L.P. owns greater than 99% of the equity interests of Alpha Holding, S.A. de C.V.

8.     Alpha Holding, S.A. de C.V. owns greater than 99% of the equity interests of the following entities:

| Name | Shares (Percent) |
|---|---|
| AlphaCredit Latam S.A.S. | 100% |
| Acercándonos, S.A.P.I. de C.V. | 99.99% |
| AlphaDebit, S.A. de C.V. | 99.99% |

9.      AlphaCredit Latam S.A.S. owns 32.63% of the equity interests of Alpha Capital S.A.S.

10.      Acercándonos, S.A.P.I. de C.V. owns ten percent (10%) or more of the equity interests of the following entities:

| Name | Shares (Percent) |
|---|---|
| AlphaCredit Sudamérica, S. de R.L. | 99% |
| Alpha Capital S.A.S. | 34.36% |
| Acsa Atento S.A.S. | 59% |
| Vive Créditos Kusida S.A.S. | 95.62% |

11.      AlphaCredit Sudamérica, S. de R.L. owns ten percent (10%) or more of the equity interests of the following entities:

| Name | Shares (Percent) |
|---|---|
| Alpha Capital S.A.S. | 33.01% |
| Acsa Atento S.A.S. | 41% |

## **Exhibit I**

**(Organizational Chart)**

*In re Alpha Latam Management, LLC et al*
Organizational Chart



1. Alpha Holding, S.A. de C.V. owns one (1) share in Prestaciones Finmart, S.A.P.I. de C.V., SOFOM, E.N.R. and transferred the remaining 40,142,291 shares to the irrevocable security trust number CIB/2620 in which it is the Trustor and Second Place Beneficiary, in order to guarantee certain obligations.
2. Prestaciones Finmart, S.A.P.I. de C.V., SOFOM, E.N.R. transferred 49,999 shares in Adelanto Express, S.A. de C.V., SOFOM, E.N.R. to the irrevocable security trust number CIB/2620 in which it is the Trustor and Second Place Beneficiary, in order to guarantee certain obligations.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Alpha Latam Management, LLC, | Case No. 21-[_____] ( ) |
| Debtor. | (Joint Administration Requested) |

**LIST OF EQUITY SECURITY HOLDERS PURSUANT**
**TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007**

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the above-captioned debtor and debtor in possession (the "**Debtor**") respectfully represents that the following is the list of holders of the Debtor's sole class of equity or membership interests:

| EQUITY HOLDER | ADDRESS OF EQUITY HOLDER | UNITS | PERCENTAGE |
|---|---|---|---|
| Augusto Álvarez de Iturbe | Calle Antonio Dovalí Jaime número 70, Torre C, Piso 7, Colonia Zedec Santa Fe, Código Postal 01210, Alcaldía Álvaro Obregón, Ciudad de México, Mexico | 50 | 50% |
| José Luis Orozco Soberón | Calle Antonio Dovalí Jaime número 70, Torre C, Piso 7, Colonia Zedec Santa Fe, Código Postal 01210, Alcaldía Álvaro Obregón, Ciudad de México, Mexico | 50 | 50% |

---

**Fill in this information to identify the case and this filing:**

Debtor Name __Alpha Latam Management, LLC__

United States Bankruptcy Court for the: _____ District of __Delaware__
                                                                         (State)

Case number (*If known*): _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

---

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

■ Other document that requires a    Consolidated Corporate Ownership Statement and List of Equity Security Holders.
   declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __08/01/2021__          ✗ /s/ _____
             MM / DD / YYYY            Signature of individual signing on behalf of debtor

                                       __Augusto Álvarez de Iturbe__
                                       Printed name

                                       __Member__
                                       Position or relationship to debtor

---